No. 41,507

HARLAN U. MURPHY, *Appellee,* v. CLARENCE WARREN, *Appellant.*

(347 P. 2d 274)

Opinion filed December 12, 1959.

*J. C. Edwards,* of Iola, argued the cause, and *Kenneth H. Foust* and *John O. Foust,* both of Iola, were with him on the briefs for the appellant.

*William A. Buckles,* of Burlington, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for the recovery of money under the terms of a written contract.

The pertinent facts may be stated as follows: Plaintiff (appellee) was a builder and defendant (appellant) a real estate agent. The parties entered into a written contract in March, 1957, whereby

plaintiff was to build a house on lots owned by defendant for the purpose of resale. Plaintiff was to furnish $2000 and defendant was to assist in further financing the project by signing plaintiff's notes at the bank for $7500 to pay for the materials and labor used in the construction of the dwelling. The house was to be constructed to meet F. H. A. approval and when completed by plaintiff, defendant was to attempt to sell or help plaintiff sell the property for $14,250, as shown on the conditional commitment issued by F. H. A., or at a price fixed by plaintiff. When so sold, defendant was to first receive $1000 for his lots, $500 as a real estate commission and for other services in obtaining a F. H. A. loan, and was to be reimbursed for the money advanced or guaranteed in the construction of the house.

The contract further provided that if construction work was stopped for more than ten days without satisfactory reason, plaintiff was to forfeit his interest in the property. It further provided that if plaintiff was unable to sell the house at F. H. A. approved value or at some other price which would pay defendant in full, or if plaintiff was unable to obtain a loan in his own name on the property on or before October 1, then defendant should have the right to take over the property and either sell it or secure a loan thereon, or rent or occupy it as his own. If defendant could sell the house within one year after taking possession, then the proceeds should be used, first, to pay defendant for money due him and, second, to pay plaintiff for the money invested and the labor performed and, third, the balance should be divided between the parties.

The evidence disclosed the plaintiff completed construction of the house in August and reported completion thereof to F. H. A., whose inspector approved the construction with the exception of two minor changes which would take but a day or two to correct and at a cost of approximately $100. Defendant agreed to and did have the corrections made so that plaintiff could leave on a trip to California. Subsequently and in October, defendant, without notice to or consultation with plaintiff, sold the house to a purchaser for $12,900, after making extensive alterations.

It was plaintiff's contention that defendant had no authority to sell the house at less than the F. H. A. commitment price of $14,250 and that defendant was liable to him under the contract, which was based on such commitment price.

The defendant contended that the plaintiff forfeited his contract

and that he, defendant, had a right to sell the property at the best price obtainable.

The trial court rendered judgment for the plaintiff. Defendant appeals and contends the trial court erred (1) in finding there was no forfeiture of the contract on the part of the plaintiff, and (2) in misconstruing the contract and holding the defendant had no right to sell the property at less than the F. H. A. commitment price of $14,250 without consent of plaintiff.

Defendant's first contention rests wholly upon a question of fact. The contract provided that if construction was stopped by plaintiff for more than ten days without satisfactory reason, defendant had the right to complete the construction and plaintiff would forfeit his interest in the property. The contract required the plaintiff to build a house on defendant's lots to meet F. H. A. requirements. The record discloses and amply sustains the trial court's finding that plaintiff, without delay, performed his obligations under the contract to construct the house on the property in question to meet F. H. A. approval, and that F. H. A. approval was obtained, except for two items, as shown by the evidence, pertaining to a drain under the house and flashing; that as to those items strict performance was waived by agreement of the parties and there was no forfeiture of plaintiff's rights under the terms of the written contract.

Defendant's second contention that the court did not properly construe the contract is without merit. The contract is clear and unambiguous and its terms are not in dispute. It provided that upon completion of the house defendant would attempt to sell or would help plaintiff sell the property at the F. H. A. approved value of $14,250, or at a price fixed by the plaintiff. There is nothing in the contract to indicate that without the consent of plaintiff defendant had the right to sell the property at less than the mentioned F. H. A. commitment price. The general rules applicable to interpretation of contracts were properly applied by the trial court.

The defendant has failed to make it appear that the judgment of the trial court was erroneous and it is therefore affirmed.

It is so ordered.